UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF<br><br>REBECCA GRASSO,<br><br>-v-<br><br>DEFENDANT<br><br>JUSTIN SCOTT LYNCH | Case No.: 2:26-cv-00730-BHH<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Rebecaa Grasso, by and through her undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Rebecca Grasso ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is and has been a resident and citizen of Charleston County, South Carolina.

2. Defendant Justin Scott Lynch ("Defendant") was driving the motorcycle that Plaintiff was riding on as a passenger which crashed and caused Plaintiff's injuries. Upon information and belief, Defendant James is a citizen and resident of Georgia.

3. The Charleston Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Charleston County, as further shown below.

4. This Court has personal jurisdiction over Defendant because Defendant was operating on public roads in South Carolina, and this cause of action relates to and arises out of Defendants contacts with South Carolina, as further shown below.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendant is a citizen and resident of Georgia and as such there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## BACKGROUND

6. Around 10:20 PM on July 25, 2025, Defendant was driving a 2011 Harley-Davidson north on Azalea Dr. in Charleston County. Plaintiff was riding with Defendant as a passenger.

7. As Defendant was driving down the road, Defendant failed to observe and avoid loose gravel on the road ahead.

8. Upon reaching and driving onto the loose gravel, Defendant lost control of the motorcycle, causing the Crash.

9. The Crash caused by Defendant is the proximate cause of Plaintiff's injuries and damages. Therefore, Plaintiff sues on the following grounds:

## FOR A FIRST CAUSE OF ACTION
(Negligence/Recklessness, Negligence Per Se Against Defendant)

10. Plaintiff realleges and reincorporates the preceding paragraphs as if repeated verbatim here.

11. Defendant owed a duty to Plaintiff to operate Defendant's vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

12. Defendant breached this duty to use due care in operating Defendant's vehicle and was negligent, negligent per se, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

    a. Failing to obey traffic signs and signals;

    b. Failing to yield the right of way;

    c. Failing to keep a proper lookout;

    d. Driving while inattentive and/or distracted;

    e. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

    f. Acting with conscious disregard for the safety of others, including Plaintiff;

    g. Acting in violation of applicable state and federal statutes and regulations; and

    h. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

13. Defendant's acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages claimed herein.

14. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered severe physical injuries which have caused, and in the future will cause, Plaintiff to suffer the following damages:

    a. Physical pain and suffering;

    b. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing;

    c. Loss of wages and/or earning capacity;

    d. Substantial expenses for past and future medical services;

    e. Mental anguish, emotional distress, shock, and fear;

    f. Other damages as will be shown in the discovery and trial of this case.

**15.** Plaintiff is entitled to an award of all actual, consequential, and incidental damages against Defendant.

16. Plaintiff is also entitled to an award of punitive damages against Defendant.

17. Plaintiff is also entitled to an award of prejudgment interest against Defendant.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN, P.A.**

*/s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5438
Cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

February 20, 2026
Charleston, South Carolina