**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| REBECCA GRASSO,<br><br>                          Plaintiff,<br><br>vs.<br><br>JUSTIN SCOTT LYNCH,<br><br>                          Defendants. | Case No.: 2:26-cv-00730-BHH<br><br><br>**MOTION TO ALTER TIME AND LOCAL**<br>**CIV. RULE 4.01 STATUS REPORT** |

Plaintiff hereby provides the following status report pursuant to Local Civ. Rule 4.01 (D.S.C) and moves for an extension of the time for service of process. In support of this, Plaintiff would show the following:

**FACTUAL BACKGROUND**

This case arises from a July 25, 2025, motorcycle crash on Azalea Drive in Charleston County, South Carolina. The statute of limitations will not run until July 24, 2028. On April 28, 2026, Plaintiff unsuccessfully attempted to serve Defendant Justin Scott Lynch at the address personally known to Plaintiff and which is listed on Defendant's insurance declaration page. *See* **Exhibit 1**, **First Affidavit of Non-Service**. On May 3, 2026, Plaintiff unsuccessfully attempted to serve Defendant Justin Scott Lynch at his only other known address. *See* **Exhibit 2, Second Affidavit of Non-Service.** Plaintiff then ordered an investigation from ABC Legal to determine Defendant's address. *See* **Exhibit 3, Invoice for Investigation**. The investigation did not yield any new information regarding Defendant's whereabouts. Upon information and belief, Plaintiff has determined that Defendant is a non-resident subject to SC Code § 15-9-370(b). Based upon publicly available tax records for Jackson County, Georgia, Plaintiff has determined Defendant

Lynch's family members own the property where service was first attempted. In addition to ownership, the property owner claims a homestead exemption.



This conflicts with the information provided to Plaintiff's process server upon the first service attempt.



## LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint within ninety days after the complaint is filed. If service is not completed within that period, the court must either dismiss the action without prejudice or order that service be made within a specified time. However, when a plaintiff demonstrates good cause for failing to timely effect service, the court must extend the time for service for an appropriate period.

The good-cause inquiry focuses on the plaintiff's diligence in attempting to effect service. Courts routinely find good cause where a plaintiff has made reasonable efforts to locate and serve a defendant but has been unable to do so despite diligent investigation and repeated attempts at service.

## ARGUMENT

Plaintiff has exercised diligence in attempting to locate and serve Defendant. Plaintiff first attempted service at the address personally known to Plaintiff and listed on Defendant's insurance declaration page. When that effort proved unsuccessful, Plaintiff attempted service at Defendant's only other known address. Both attempts were unsuccessful. Rather than allowing the matter to remain dormant, Plaintiff promptly retained ABC Legal to investigate Defendant's whereabouts. Despite these additional efforts, no new address information was identified.

After the failure of the ABC Legal investigation, Plaintiff's counsel has undertaken a comprehensive review of public records available to determine the proper address for process service. As stated above, based upon the public records available, Defendant's family members are known to reside at the first address where service was attempted. Upon information and belief, incorrect information was provided to the process server who attempted to serve Defendant at the

address by the Defendant's family members. Plaintiff believes that Defendant resides at the first address with his family members and is avoiding service of process.

Plaintiff's inability to complete service is therefore not attributable to neglect or lack of diligence, but to the inability to serve Defendant despite reasonable investigative efforts. Since the Crash, Plaintiff has further determined that Defendant has become a non-resident and intends to pursue service through the South Carolina Department of Motor Vehicles pursuant to SC Code § 15-9-370(b). Additional time is necessary to permit Plaintiff to complete that process and effect service in accordance with South Carolina law.

An extension will not prejudice Defendant, who has not yet appeared in this action. Conversely, denial of an extension would substantially prejudice Plaintiff by impairing Plaintiff's ability to pursue his claims despite diligent efforts to provide Defendant with notice of this action. Under these circumstances, good cause exists for an extension of the Rule 4(m) service deadline.

### LOCAL CIVIL RULE 6.01 STATEMENT

Pursuant to Local Civ. Rule 6.01, the following information is provided:

1. The current deadline for service of process was May 21, 2026.

2. The deadline has not been extended previously.

3. The Plaintiff requests sixty additional days from the filing of the instant motion, with the new deadline on September 19. 2026.

4. No other deadlines have been set at this time.

*[Signatures on Following Page]*

**MORGAN & MORGAN, P.A.**

s/ Cooper Klaasmeyer
Cooper Klaasmeyer, Fed. I.D. No. 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
(843) 973-5438
Cooper.klaasmeyer@forthepeople.com
**ATTORNEYS FOR PLAINTIFF**

North Charleston, SC
July 21, 2026